Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954.1690
mkogan@koganlawfirm.com

Attorneys for Leslie Klein

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>   Debtor.<br>_____<br><br>ERICA VAGO and JOSEPH VAGO,<br><br>   Plaintiff,<br><br>   v.<br><br>LESLIE KLEIN,<br><br>   Defendant.<br>_____ | Case No. 2:23-bk-10990-SK<br><br>Chapter 11<br><br>Adv. No. 2:23-ap-01150-SK<br><br>**MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  September 6, 2023<br>Time:  9:00 a.m.<br>Place:  Courtroom 1575 |

Defendant, Leslie Klein ("**Debtor**" or "**Defendant**"), will and does hereby move this Court for an Order Dismissing Certain Causes of Action in the Complaint to Determine the Nondischargeability of Certain Debts Owed by Debtor Leslie Klein to Erica and Joseph Vago Pursuant to 11 U.S.C. § 523 and To Deny Discharge Pursuant to Section 727(a)(12) ("**Complaint**") against the Defendant Leslie Klein filed by Erica Vago and Joseph Vago ("**Plaintiff**" or "**Vago**") in the bankruptcy estate of Leslie Klein on the following grounds:

1. The Fourth Cause of Action of the Complaint fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2. The Fourth Cause of Action of the Complaint should be dismissed for failure to sufficiently support its causes of action under 11 U.S.C. § 727 (a)(12).

The Motion is based on this Motion and Memorandum of Points and Authorities filed herewith, the concurrently filed Notice, all papers, pleadings, files and records in this case and such evidence as the Court might receive at the time of the hearing.

DATED: August 14, 2023          **KOGAN LAW FIRM, APC**
                                Michael S. Kogan


                                By:  /s/Michael S. Kogan
                                     Michael S. Kogan
                                     Attorneys for Leslie Klein

# I.

# INTRODUCTION

Defendant, Defendant, Leslie Klein ("**Debtor**" or "**Defendant**"), will and does hereby move this Court for an Order Dismissing Certain Causes of Action in the Complaint to Determine the Nondischargeability of Certain Debts Owed by Debtor Leslie Klein to Erica and Joseph Vago Pursuant to 11 U.S.C. § 523 and To Deny Discharge Pursuant to Section 727(a)(12) ("**Complaint**") against the Defendant Leslie Klein filed by Erica Vago and Joseph Vago ("**Plaintiff**" or "**Vago**") in the bankruptcy estate of Leslie Klein on the following grounds:

1. The Fourth Cause of Action of the Complaint fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2. The Fourth Cause of Action of the Complaint should be dismissed for failure to sufficiently support its causes of action under 11 U.S.C. §§ 727 (a)(12).

**This adversary proceeding arises out of transactions between Vago and defendant, Klein.**

Klein therefore respectfully requests the Court to grant its motion to dismiss or, in the alternative, to strike and for a more definite statement.

# II.

# PROCEDURAL BACKGROUND

On May 10, 2023, Plaintiffs Erica Vago and Joseph Vago filed the Complaint to Determine the Nondischargeability of Certain Debts Owed by Debtor Leslie Klein to Erica and Joseph Vago Pursuant to 11 U.S.C. § 523 and To Deny Discharge Pursuant to Section 727(a)(12) ("**Complaint**") against the Defendant Leslie Klein [Doc #1].

On May 10, 2023, the Court's Summons & Notice of Status Conference ("**Summons**") [Doc #2] set June 12, 2023 as the Defendant's deadline to respond to the Complaint, and a status conference on the matter for August 9, 2023 at 9:00 a.m. (the "**Status Conference**").

On June 12, 2023, Klein's then counsel Eric Olson ("**Olson**"), who had just been recently on May 23, 2023, substituted in as counsel for Klein (Doc #150) requested a 30-day extension to

respond to the Complaint, and represented that the Defendant needed time to retain experienced bankruptcy counsel for the adversary proceeding.

On June 12, 2023, the parties executed and signed a Stipulation to Extend Time to Respond to the Complaint. [Doc #7].

On June 13, 2023, the Court signed the Order on Stipulation to Extend Time to Respond to the Complaint, continuing Defendant's response date to July 12, 2023. [Doc #9].

On July 24, 2023 the Plaintiff and Defendant filed the Stipulation (1) to Extend Time to Respond to Complaint, and (2) to Continue Status Conference (the "**Stipulation**") (Doc # 13) and the Court entered its Order approving the Stipulation on July 25, 2023 (Doc # 15). The Stipulation provided that the time to respond to the Complaint is August 15, 2023, and the Status Conference be continued to September 6, 2023 at 9:00 a.m.

## III.

## THE STANDARD FOR A MOTION TO DISMISS

A motion pursuant to Bankruptcy Rule 7012, and Federal Rule of Civil Procedure 12(b)(6), is made on the basis that the facts averred fail to state a claim upon which relief can be granted. On a motion to dismiss, it is clear that the Court does not have to accept every averment in the complaint as true in assessing its sufficiency. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 311-18 (2d ed. 1990). The averments of a complaint must be "well-pleaded" and thus the court need not accept "sweeping and unwarranted averments of fact." Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Legal conclusions, deductions or opinions couched as factual averments in a complaint are not given a presumption of truthfulness. 2A James Wm. Moore et al., Moore's Federal Practice ¶ 12.07[2.-5], at 12-63 to 12-64 (2d ed. 1991). A complaint is subject to dismissal if it fails to aver a required element which is necessary to obtain the relief sought. Moore, supra, at 12-68; see, e.g., Cannon v. University of Chicago, 648 F.2d 1104, 1109-10 (7th Cir. 1981), cert. denied, 454 U.S. 1128, 102 S.Ct. 981, 71 L.Ed.2d 117 (1981), cert. denied, 460 U.S. 1013, 103 S.Ct. 1254, 75 L.Ed.2d 482 (1983). A motion under Fed.R.Civ.P. 12(b)(6) should also be granted if a bar to relief is apparent from the face of the complaint. More, supra, at 12-68 to 12-69.

Vago must plead all elements of the particular avoidance section that it will rely on, rather than resorting to "menu pleading" (i.e., merely quoting the statute without pleading facts). Also, merely quoting avoidance statutes without specific factual averments is inappropriate and may warrant the imposition of sanctions. See In re Englander, 79 B.R. 897 (Bankr. C.D. Cal. 1987), rev'd on other grounds, 92 B.R. 425 (9th Cir. BAP 1988).

## IV.
## THERE ARE NO FACTS THAT WOULD SUPPORT
## A CAUSE OF ACTION UNDER §727
## (FOURTH THROUGH EIGHTH CAUSES OF ACTION)

The Fourth Cause of Action (11 U.S.C § 727(a)(12), (the "**727 Causes of Action**") must be dismissed by the Court because the cause of action is only applicable to chapter 7 individual debtors. The Debtor herein and the bankruptcy case is a chapter 11 bankruptcy case.

11 U.S.C § 103 provides:

(a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title, and this chapter, sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter 15.

(b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.

The 727 Causes of Action are part of Subchapter II of chapter 7, therefore according to Section 103(b) they can **only** apply to a case under chapter 7.[1] See also In re Duncan, 2012 Bankr. Lexis 524, 2012 WL 5462917 (Bankr. Az. 2012). Therefore, the 727 Causes of Action should be dismissed by the Court.

## V.
## CONCLUSION

---

[1] Chapter 11 has its own timing and Bankruptcy Code section that applies to the debtor's discharge of debts. See Section 1141. In a chapter 11 case, the complaint shall be filed no later than the first date set for hearing on confirmation. FRBP 4004(a).

For the foregoing reasons, Klein respectfully request that the Court grant the Motion. The deficiencies evident from the face of the Complaint warrant a dismissal of the 727 Causes of Action with prejudice.

DATED: August 14, 2023  **KOGAN LAW FIRM, APC**
Michael S. Kogan

By: /s/Michael S. Kogan
Michael S. Kogan
Attorneys for Leslie Klein

| In re: LESLIE KLEIN | CHAPTER: 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER: 2:23-bk-10990-SK |
| Joseph Vago and Erica Vago v Leslie Klein | Adv. No. 2:23-ap-01150-SK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064

A true and correct copy of the foregoing document described as **MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 14, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **August 14, 2023,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **August 14, 2023** | Pamela Lynn | /s/*Pamela Lynn* |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

| In re: LESLIE KLEIN<br>Debtor(s).<br>Joseph Vago and Erica Vago  v Leslie Klein | CHAPTER: 11<br>CASE NUMBER:  2:23-bk-10990-SK<br>Adv. No. 2:23-ap-01150-SK |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Reem Bello (PL)  rbello@goeforlaw.com
Robert Goe (PL) kmurphy@goeforlaw.com
Brian A Procel bprocel@millerbarondess.com
Eric J Olson eric@EJOlsonLaw.com
Michael I. Gottfried (IP) mgottfried@elkinskalt.com, cavila@elkinskalt.com, lwageman@elkinskalt.com, docketing@elkinskalt.com
Nikko Salvatore Stevens (IP) nikko@cym.law, mandi@cym.law
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Clarisse Young (IP) youngshumaker@smcounsel.com, levern@smcounsel.com

I. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** - VIA U.S. MAIL

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple St. #1582
Los Angeles, CA 90012