ROBERT P. GOE (State Bar No. 137019
rgoe@goeforlaw.com
REEM J. BELLO (State Bar No. 198840)
rbello@goeforlaw.com
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

BRIAN A. PROCEL (State Bar No. 218657)
brian@procel-law.com
MARTIN H. PRITIKIN (State Bar No. 210845)
marty@procel-law.com
**PROCEL LAW, PC**
401 Wilshire Boulevard, 12th Floor
Santa Monica, California 90401
Telephone: (424) 788-4538

Attorneys for Judgment Creditors and Plaintiffs
Erica and Joseph Vago

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LESLIE KLEIN,<br><br>Debtor. | Case No. 2:23-bk-10990-SK<br><br>Chapter 11<br><br>Adv. Case No. 2:23-ap-01150-SK |
| ERICA VAGO and JOSEPH VAGO,<br><br>Plaintiffs,<br><br>vs.<br><br>LESLIE KLEIN and DOES 1 through 10,<br><br>Defendants. | **OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT**<br><br>**Date: October 18, 2023**<br>**Time: 9:00 a.m.**<br>**Crtm: 1575** |

1

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERESTED PARTIES**:

Judgment creditors Erica and Joseph Vago ("Plaintiffs") hereby submit their opposition ("Opposition") to Debtor's Motion for Order Dismissing Certain Causes of Action in Complaint ("Motion") (Docket No. 17) ("Opposition") and respectfully represents as follows:

I.    **SUMMARY OF MOTION**

Defendant mistakenly asserts that the Fourth Cause of Action seeking an order denying Defendant his discharge pursuant to 11 U.S.C. § 727(a)(12) should be dismissed because it is only applicable in a chapter 7 individual bankruptcy case. *See* Motion at p. 5, lines 10-12. As set forth below, Section 727 does in fact apply in a chapter 11 bankruptcy case under certain circumstances and, as such, the Motion should be denied. With respect to the instant chapter 11 case and the instant Debtor, Section 727(a) does in fact apply.

II.   **SECTION 727(a) APPLIES IN CHAPTER 11 CASES**

A.    **Section 727(a) Applies in Chapter 11 Liquidating Cases**

Pursuant to Section 1141(d)(3) of the Bankruptcy Code,

> The confirmation of a plan does not discharge a debtor if—
> (A) the plan provides for the liquidation of all or substantially all of the property of the estate;
> (B) the debtor does not engage in business after consummation of the plan; and
> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

A chapter 11 debtor can be denied a discharge for any reason under Section 727(a) if Debtor's case involves a liquidating chapter 11 plan in which Debtor does not engage in any business after the chapter 11 plan is consummated. Debtor is not a debtor-in-possession. On May 24, 2023, the Court entered an order approving appointment of a chapter 11 trustee ("Trustee Appointment Order") in Debtor's bankruptcy case. *See* Docket No. 155. On May 24, 2023, Bradley D. Sharp was appointed the chapter 11 trustee ("Trustee") in Debtor's bankruptcy case. *See* Docket No. 156. According to the Trustee's most recent chapter 11 status report ("Status

Report") filed on July 21, 2023, "…the Debtor has been largely uncooperative with the Trustee and his professionals. The Debtor has failed to honor virtually any information and documentary requests made of him…The Trustee's efforts to date have only scratched the surface of identifying and understanding the breadth of the Debtor's assets and the extent of the claims asserted against the Debtor's estate." *See* Docket No. 199 at p. 2, lines 4-10. Based upon the fact that Debtor's assets consist mainly of real estate holdings, insurance policies and other assets, and not any operating businesses, the bankruptcy case is likely to involve a liquidating chapter 11 plan or be converted to chapter 7. According to the Status Report, the Trustee wants to "…market and sell the properties described above that are subject to pending relief from stay motions in addition to other properties that are owned by the Debtor." *See* Docket No. 199 at p. 7, lines 4-5. The Status Report provides no indication that there will be any operating business once the Debtor's assets are sold by the Trustee.

Pursuant to Section 1141(d)(3), the discharge of a chapter 11 debtor is no different than that of a chapter 7 debtor if the debtor is to be liquidated under chapter 11 and will not remain an operating business post-confirmation. Therefore, if the Debtor is an individual where all assets are to be liquidated and no business operations post-confirmation, as in the instant case, any grounds for the denial of discharge under Section 727(a) apply to the Debtor's chapter 11 case, including Section 727(a)(12). Therefore, the Motion should be denied as the fourth cause of action for the denial of Debtor's discharge pursuant to Section 727(a)(12) is a valid claim for relief.

**B.    Section 727(a)(12) Contains the Same Language as Section 1141(d)(5)(C) Regarding the Basis to Deny Debtor's Discharge Based Upon Section 522(q)**

Pursuant to Section 1141(d)(5)(C),

In a case in which the debtor is an individual-
(C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that-(i) section 522(q)(1) may be applicable to the debtor; and(ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
and if the requirements of subparagraph (A) or (B) are met.

Similarly, pursuant to Section 727(a)(12) of the Bankruptcy Code,

(12) the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is reasonable cause to believe that—
  **(A)** section 522(q)(1) may be applicable to the debtor; and
  **(B)** there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

As set forth above, Section 1141(d)(3) provides that the Debtor can be denied his discharge on any basis set forth in 727(a) as if the Debtor were a chapter 7 debtor. Therefore, Section 727(a)(12) is a valid claim for relief against the Debtor in this chapter 11 case, especially because the Court has already made a finding against the Debtor under Section 522(q). On April 11, 2023, Plaintiffs filed a motion seeking to disallow Debtor's homestead exemption pursuant to 11 U.S.C. Section 522(q) ("Exemption Motion"). See Docket No. 71. Debtor opposed the Exemption Motion. Over the Debtor's objection, the Court entered an order granting the Exemption Motion on May 17, 2023 ("Exemption Order") and Debtor's exemption was disallowed pursuant to Section 522(q). See Docket No. 141. Section 522(q) has already been found applicable to this Debtor and, as such, Debtor can be denied his discharge on this basis pursuant to Section 727(a)(12) and Section 1141(d)(5)(C). Therefore, there is no basis to dismiss the fourth cause of action as Section 727(a)(12) applies to this Debtor.

Respectfully submitted,

Dated: September 8, 2023        **GOE FORSYTHE & HODGES LLP**

By: /s/Robert P. Goe
Robert P. Goe
Attorneys for Plaintiffs Erica Vago and
Joseph Vago

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Bldg. D., Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 8, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Brian A Procel**    bprocel@millerbarondess.com, rdankwa@millerbarondess.com;docket@millerbarondess.com
- **Nikko Salvatore Stevens**    nikko@cym.law, mandi@cym.law
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 8, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 8, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 8, 2023 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1